**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MICHAEL WADDELL, | ) | NO. ED CV 07-1370-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 24, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 5, 2007.

1    Plaintiff filed a motion for summary judgment on May 6, 2008.[1]

2    Defendant filed a cross-motion for summary judgment on June 23, 2008.

3    The Court has taken both motions under submission without oral

4    argument.  See L.R. 7-15; "Order," filed October 26, 2007.

5

6              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8    Plaintiff asserts disability based on alleged physical and

9    mental problems (Administrative Record ("A.R.") 450-69).  The

10   Administrative Law Judge ("ALJ") found Plaintiff disabled from

11   March 9, 2001 through September 10, 2004, but not thereafter (A.R.

12   14-25).

13

14   In a written statement dated September 22, 2004, Plaintiff's

15   mother stated that Plaintiff's pain significantly limits Plaintiff's

16   ability to function (A.R. 103-11).  Plaintiff's mother stated, inter

17   alia, Plaintiff "is in pain all the time," "can not sit, stand, or

18   even lay down in one position for long," "has problems even holding

19   the phone," is "very limited" in sitting and using his hands, and

20   sometimes takes two to three days to complete a 30-minute chore (A.R.

21   105, 108, 110).

22

23   The only mention of the mother's statements in the ALJ's

24   decision consists of the following:  "The claimant's statements in the

25   record and third party statements by the claimant's mother indicate

26   _____

27        [1]   Plaintiff's motion for summary judgment exceeds the ten-
     page limit imposed by the Court in its October 26, 2007 Order.
28   Counsel for Plaintiff should heed Court orders in the future.

                                    2

the claimant was independent for all self-care activities, performed a variety of daily activities, interacted with others on a superficial basis, and engaged in purposeful activity" (A.R. 23).

The ALJ found that, although Plaintiff could not perform his past relevant work as a chef, Plaintiff could perform various sedentary jobs (A.R. 23).  The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

In evaluating the credibility of a claimant's assertions of functional limitations, the Administration must consider lay witnesses' reported observations of the claimant.  See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999).  "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition."  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).  The Administration may reject the testimony of a lay witness only by giving "reasons germane to each witness" whose testimony is rejected.  Smolen v.

Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  A conflict with the medical evidence, for example, can be a "germane reason" to reject the testimony of a lay witness.  See Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001).  The mere fact that a witness is a family member, however, is not a sufficient reason to reject the witness' testimony.  See Smolen, 80 F.3d at 1289; Regennitter, 166 F.3d at 1298.

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses.  The standards discussed in these authorities, however, would appear equally applicable to the written statements submitted in this case.  Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).[2]

In the present case, the ALJ erred by either: (1) failing to consider the statements by the mother asserting significant limitations; or (2) implicitly rejecting those statements without stating any "reasons germane" to the mother.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); accord Polny v. Bowen, 864 F.2d 661, 664 (9th Cir. 1988); Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . .."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions

---

[2]     The Court observes that Plaintiff's mother signed her statements under penalty of perjury (A.R. 111).

are based, so that a reviewing court may know the basis for the decision).

Defendant appears to argue that there exist reasons, unspecified in the ALJ's decision, that could justify the rejection of the mother's statements.  The Ninth Circuit has ruled that such arguments, however potentially persuasive, are not cognizable by the Court.  See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Where, as here, the Administration fails properly to evaluate competent lay evidence favorable to a claimant, the District Court cannot deem the error harmless unless no reasonable ALJ, when fully crediting the lay evidence, could have reached a different disability determination.  See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006).  This Court is unable to conclude that no reasonable ALJ, fully crediting the statements of Plaintiff's mother, could have reached a different disability determination regarding Plaintiff.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
1496, 1497 (9th Cir. 1984).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's
motions for summary judgment are denied and this matter is remanded
for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 2, 2008.

_____/S/_____
                CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE

---

[3]   The Court has not reached any other issue raised by
Plaintiff except insofar as to determine that reversal rather than
remand would be inappropriate.